**Barbara J. RILEY, Plaintiff–Appellant,**

v.

**COMMISSIONER OF FINANCE OF the CITY OF NEW YORK, City of New York, Kelvin Myers, Neighborhood Restore Housing Development Fund Corp., BX Realty Corp. 1, Jay S. Markowitz, Defendants–Appellees.**

**No. 14–4541–cv.**

United States Court of Appeals, Second Circuit.

Oct. 1, 2015.

Barbara J. Riley, pro se, Jacksonville, FL, for Appellant.

* The Honorable Kiyo A. Matsumoto, of the United States District Court for the Eastern

Janet L. Zaleon, Assistant Corporation Counsel, for Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, for City of New York and Commissioner of Finance of the City of New York.

Alex S. Avitabile, Esq., New York, NY, for Neighborhood Restore Housing Development Fund Corp. for Appellees.

PRESENT: JOHN M. WALKER, JR., REENA RAGGI, Circuit Judges, KIYO A. MATSUMOTO, District Judge.*

**SUMMARY ORDER**

Plaintiff Barbara J. Riley, proceeding *pro se*, appeals from the dismissal of her complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject-matter jurisdiction. *See* Decision and Order, *Riley v. City of New York*, No. 14 Civ. 4482(BMC) (E.D.N.Y. Oct. 29, 2014), ECF No. 48. The district court dismissed Riley's quiet-title action—which sought a declaration of ownership of property despite a tax-foreclosure judgment already entered against Riley in New York state court—pursuant to the *Rooker–Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). We review *de novo* a district court's dismissal for lack of subject-matter jurisdiction, including a *Rooker–Feldman* dismissal. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir.2005). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only

District of New York, sitting by designation.

as necessary to explain our decision to affirm.

Federal "appellate jurisdiction to reverse or modify a state-court judgment is lodged ... exclusively in [the Supreme] Court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). On that principle, the *Rooker–Feldman* doctrine bars a party who has already had a judgment entered against her in state court from initiating a federal action complaining of injuries caused by the state-court judgment and inviting federal review and rejection of that judgment. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d at 85.

The district court here correctly dismissed Riley's action pursuant to *Rooker–Feldman*. The complaint sought to remove six alleged clouds on Riley's claimed title to a Brooklyn property, as well as a declaratory judgment of free-and-clear ownership. Riley's claimed ownership of the property, however, was already fully adjudicated and rejected in the prior state-court proceedings. *See In Rem Tax Foreclosure Action No. 51, Borough of Brooklyn*, Index No. 8700/07 (N.Y.Sup.Ct. Feb. 26, 2013). In *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423 (2d Cir. 2014), this court held that an action seeking a declaration of property ownership after loss of title pursuant to a state-court foreclosure judgment was barred by *Rooker–Feldman*. *See id.* at 426–28. As in *Vossbrinck*, the district court in this case lacked subject-matter jurisdiction to review and reject the state-court foreclosure judgment and, therefore, correctly dismissed the action.

We have considered Riley's remaining arguments (none of which addresses the applicability of the *Rooker–Feldman* doctrine), and we conclude that they are with-

out merit. Accordingly, the district court's judgment of dismissal is AFFIRMED.